# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SYCAMORE FAMILY LLC, and LELAND SYCAMORE,<br><br>      Plaintiffs,<br><br>v.<br><br>EARTHGRAINS BAKING COMPANIES, INC.,<br><br>      Defendant.<br><br>EARTHGRAINS BAKING COMPANIES, INC.,<br><br>      Counterclaimant Plaintiff,<br><br>v.<br><br>SYCAMORE FAMILY LLC and LELAND SYCAMORE,<br><br>      Counterclaim Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR REMAND AND REALIGNING DEFENDANT LELAND SYCAMORE AS A PLAINTIFF**<br><br>Case No. 2:13-CV-00639-DN<br><br>District Judge David Nuffer |

      Plaintiff Sycamore Family LLC ("LLC") originally filed this declaratory judgment action in the District Court of Utah County, Fourth Judicial District of Utah ("State Court Action"). Defendant EarthGrains Baking Companies, Inc. ("EarthGrains") filed its Notice of Removal within the time prescribed under 28 U.S.C. § 1446(a).[1] EarthGrains' Notice of Removal was predicated on subject matter jurisdiction under 28 U.S.C. § 1332(a), and alleged that then-captioned defendant, Leland Sycamore ("Sycamore"), was a sham defendant that had been fraudulently joined for the purpose of avoiding complete diversity of citizenship among the parties. The LLC subsequently filed its Motion to Remand on the basis of lack of subject matter

---

[1] Notice of Removal, docket no. 2, filed July 8, 2013.

jurisdiction under 28 U.S.C. § 1332(a).[2] The LLC also requested an award of costs and expenses for improper removal, including full attorneys' fees pursuant to 28 U.S.C. § 1447(c). The matter has been fully briefed by the parties and is now ripe for determination.[3]

## I.     BACKGROUND

The LLC is a Nevada investment and asset protection company organized by Sycamore and his wife, Jeri Sycamore, in 1998.[4] The LLC's principal place of business is Utah County, Utah, which is also the county in which Sycamore and his wife reside.[5] Leland and Jeri Sycamore are the Managers of the LLC.[6] In addition to Sycamore and his wife, the LLC has at least three minority members, all of whom are the children of Sycamore and his wife.[7]

EarthGrains is a judgment creditor of Sycamore in the amount of $6,700,000 ("Judgment"), pursuant to a final judgment previously entered by the U.S. District Court for the District of Utah in a separate action ("Sara Lee Lawsuit").[8] During debtor's discovery undertaken by EarthGrains to enforce the Judgment, EarthGrains uncovered what it claims to be

---

[2] Motion for Remand to State Court ("Motion for Remand"), docket no. 12, filed July 31, 2013.

[3] After the Court issued its initial ruling at 4:21 p.m. on September 12, 2013 (Docket Text Order, docket no. 32), the LLC filed its Reply Memorandum in Support of Motion for Remand (docket no. 33, filed at 4:48 p.m. on September 12, 2013). The parties had agreed to an extension of time. On September 13, the LLC filed an Expedited Motion to Reconsider Docket Text Order on Plaintiff's Motion for Remand, and Supporting Memorandum, and Notice of Stipulated Extension (docket no. 34). The court granted the LLC's extension of time (Docket Text Order, docket no. 35, filed Sept. 13, 2013) and took the Reply Brief under consideration, but subsequently affirmed its prior ruling in denying the Motion for Remand. Docket Text Order, docket no. 36, entered Sept. 13, 2013.

[4] Complaint ¶ 7, Ex. A to Notice of Removal, docket no. 2-2.

[5] *Id.* ¶¶ 1-2.

[6] Operating Agreement of Sycamore Family, LLC, Ex. A to Notice of Removal at 57, docket no. 2-2.

[7] *Id.*

[8] *See* Final Judgment, dated July 16, 2012, *Earthgrains Baking Cos., Inc. v. Sycamore Family Bakery, Inc.*, Case No. 2:2009-cv-00523 (D. Utah filed June 8, 2009), docket no. 259; and Memorandum Decision and Order granting attorneys' fees, dated Dec. 14, 2012, docket no. 309.

fraudulent transfers of assets by Sycamore, including Sycamore's "relinquishment" of a 46%
membership interest in the LLC to his wife, Jeri Sycamore.[9]

In anticipation of further judgment enforcement action by EarthGrains against Sycamore
and his assets (which includes his membership interest in the LLC), the LLC subsequently filed
this action for declaratory relief in state court on June 7, 2013, naming both EarthGrains and
Sycamore as defendants. In its Complaint, the LLC seeks a declaratory judgment upholding the
validity of Sycamore's alleged relinquishment of 46% of his 48% membership interest in the
LLC.[10] Alternatively, in the event that the disputed relinquishment is later determined to be
invalid, the LLC asks the court to grant a "catch-up" distribution to the other members of the
LLC.[11]

EarthGrains timely filed its Notice of Removal based on diversity jurisdiction.
EarthGrains argued that the LLC's Complaint fails to state a cause of action for declaratory relief
against Sycamore.[12] EarthGrains further argued that Sycamore was joined as a defendant solely
for the purpose of destroying complete diversity of citizenship between the parties.[13] As a result
of this alleged fraudulent joinder, EarthGrains claimed that removal was proper and that subject
matter jurisdiction exists under 28 U.S.C. § 1332(a).[14] The LLC then filed its Motion for
Remand, arguing that this matter must be remanded back to state court because diversity
jurisdiction was lacking in this case and asserting that Sycamore was not added as a fraudulent or

---

[9] Memorandum in Opposition to Plaintiff's Motion for Remand at 9-10, docket no. 23, filed Aug. 19, 2013 ("Opp. to Motion for Remand").

[10] Compl. ¶¶24-29, docket no. 2-2.

[11] *Id.* ¶¶30-38.

[12] Notice of Removal at 8-9.

[13] *Id.* at 10.

[14] *Id.*

sham defendant.[15] At the same time, Sycamore filed his Answer admitting substantially all of the allegations of the LLC's Complaint.[16] It is undisputed that the amount in controversy exceeds $75,000 and that EarthGrains and the LLC are citizens of different states.

## II.    ANALYSIS

Removal of an action originally filed in state court is proper under 28 U.S.C § 1441 where the district court has original jurisdiction over the state court action.[17] Generally, jurisdiction "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."[18] The Tenth Circuit has broadened this analysis, at least for purposes of determining diversity jurisdiction, to include either the petition itself or the removal notice as bases for the court's jurisdiction.[19] Because the right of removal is held jointly by all defendants, 28 U.S.C. § 1446(b)(2)(A) further requires that all defendants "must join in or consent to the removal of the action." However, where a removing party alleges fraudulent joinder of a resident defendant,[20] the "sham defendant(s)" are not required to consent to or join the notice of removal.[21]

---

[15] Motion for Remand at 7.

[16] Answer of Defendant Leland Sycamore, docket no. 13, filed July 31, 2013 ("Sycamore Answer").

[17] 28 U.S.C. § 1441(a).

[18] *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936). *See also Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir. 1957).

[19] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[20] "Fraudulent joinder is a term of art, which does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *City of Neodesha, Kansas v. BP Corp. N. Am. Inc.*, 355 F.Supp.2d 1182, 1187 (D. Kan. 2005).

[21] *K.R. Field Servs., L.L.C. v. BAC Field Servs. Corp.*, 2011 U.S. Dist. LEXIS 105445 (D. Colo. 2011) ("[F]raudulently-joined parties need not consent to a removal") (unpublished). *See also McShares, Inc. v. Barry*, 979 F.Supp. 1338, 1342 (D. Kan. 1997) ("[N]ominal, unknown, unserved or fraudulently joined defendants" need not consent to removal.); *Dodson Aviation, Inc. v. HLMP Aviation Corp.*, 2009 U.S. Dist. LEXIS 37364, at *2-3 (D. Kan. 2009) (denying remand despite failure of nominal defendant to join removal) (unpublished).

EarthGrains' Notice of Removal invokes subject-matter jurisdiction under 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ." In support of its Notice of Removal, EarthGrains specifically alleged that Sycamore, the non-diverse resident defendant, had been fraudulently joined as a defendant to the action, in order to prevent this court from exercising subject-matter jurisdiction under 28 U.S.C. § 1332(a).[22] In cases removed on the basis of diversity of citizenship, the court does not consider the citizenship of fraudulently joined defendants in determining the existence of subject matter jurisdiction.[23]

"Fraudulent joinder" is a judicially created doctrine that provides an exception to the requirement of complete diversity.[24] The doctrine of fraudulent joinder provides that the attempted "joinder of a resident defendant . . . against whom there is in fact no cause of action, will not defeat removal."[25] Thus, removal predicated on allegations of fraudulent joinder "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."[26] Furthermore, although consent of all defendants is typically

---

[22] Notice of Removal at 8-10.

[23] *Updike v. West*, 172 F.2d 663, 665 -666 (10th Cir. 1949), *cert. denied*, 337 U.S. 908, 69 S. Ct. 1050 (1949)

[24] *Andersen v. Homecomings Fin., LLC*, 2011 U.S. Dist. LEXIS 65897 (D. Utah 2011) (quoting *Purdy v. Starko, Inc.*, 2010 U.S. Dist. LEXIS 78852 (D. Utah 2010)) (unpublished).

[25] *Roe v. Gen. Life Ins. Co. & Phillips Petroleum Co.*, 712 F.2d 450, 452 (10th Cir. 1983).

[26] *Purdy*, 2010 U.S. Dist. LEXIS 78852, at *5.

required for removal, it is well established that the rule requiring defendants to agree to removal does not apply to any defendant who is fraudulently joined. [27]

In determining removal based on allegations of fraudulent joinder, the court is not limited to the face of the pleadings. In contrast to the usual removal analysis, in situations such as the present case where one of the removing defendants alleges fraudulent joinder, the court may look beyond the allegations of the state court complaint and consider any material or evidence that supports removal.[28] As the Tenth Circuit has held:

> [U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available. The joinder of a resident defendant . . . [is fraudulent] if in fact no cause of action exists.[29]

Accordingly, this court may consider all of the parties' pleadings, including Sycamore's Answer, EarthGrains' Notice of Removal, EarthGrains' Amended Answer and Counterclaims, the parties' briefs and all exhibits attached thereto, when determining whether the LLC's Motion for Remand should be granted.

### A. **Leland Sycamore Is Not a Proper Defendant**

In EarthGrains' Notice of Removal and opposition to the LLC's Motion for Remand, EarthGrains has set forth specific allegations supporting its argument that Sycamore was fraudulently joined as a defendant in this action, and the pleadings and other matters in the record support EarthGrains' allegations.

---

[27] *See* footnote 21, supra.

[28] *Kan. State Univ. v. Prince*, 673 F. Supp. 2d 1287, 1294 (D. Kan. 2009) ("The court's examination of affidavits or other matters of record is thus appropriate.").

[29] *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th. Cir. 1964). *See also Smoot v. Chicago, R. I. & P. R. Co.*, 378 F.2d 879 (10th Cir. 1967).

The LLC seeks declaratory relief, which requires a real and justiciable controversy between itself and each of the named defendants that is ripe for judicial determination.[30] The key inquiry for purposes of deciding the question of fraudulent joinder in this instance is whether the LLC would be a proper party in the event that EarthGrains or Sycamore brought a lawsuit on the underlying cause of action.[31] Here, no adverse claim could be asserted by Sycamore with respect to the first cause of action, because Sycamore initiated the transactions at issue in the LLC's first declaratory judgment claim and Sycamore and the LLC are in accord as to the validity of those transactions.

The LLC's own allegations regarding the "justiciable controversy" in this case demonstrate that Sycamore is not properly aligned as a defendant in this action. First, the Complaint seeks primarily to validate Sycamore's purported relinquishment of a 46% interest in the LLC and the accompanying promissory note.[32] The Complaint alleges only that EarthGrains has disputed the validity and enforceability of these transactions—there are no allegations in the Complaint regarding any dispute between the LLC and Sycamore on this issue.[33] In fact, in his Answer, Sycamore affirms the LLC's allegation that the transactions at issue were valid and that the LLC is entitled to a judicial determination of their validity.[34] Notably, as to the LLC's

---

[30] *Miller v. Weaver*, 66 P.3d 592, 597 (Utah 2003).

[31] *Kan. State*, 673 F. Supp. 2d at 1294 (in assessing allegations of fraudulent joinder, the court "modifies the traditional application of the fraudulent joinder doctrine by asking whether [the plaintiff] would be a proper party to defendant's suit on the underlying cause of action."). *Accord Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir.1990) (a declaratory judgment plaintiff must "have been a proper party had the defendant brought suit").

[32] Compl. ¶ 26 ("the relinquishment and accompanying promissory note are valid"), docket no. 2-2.

[33] Compl. ¶¶ 22-23, docket no. 2-2.

[34] Sycamore Answer ¶ 26 ("Admit that the relinquishment and accompanying promissory note are valid") and ¶ 27 (admitting that the LLC is entitled to a judgment declaring the relinquishment and promissory note are valid and that Sycamore owns only 2% of the LLC).

second, contingent claim for declaratory relief, Sycamore again sides with the LLC and takes the position that if the relinquishment is invalid, Sycamore "has received a distribution of up to $2,112,500" from the LLC.[35] Ultimately, Sycamore's Answer admits nearly all of the allegations of the LLC's Complaint, and underscores the lack of a justiciable controversy between the LLC and Sycamore.[36] Because Sycamore would have no basis for suing the LLC to invalidate transactions that they both consider valid and wish to affirm, Sycamore is not a proper defendant to the present declaratory judgment action by the LLC.[37]

The LLC's other arguments in support of their Motion for Remand cannot be sustained. For example, the LLC asserts that it is adverse to Sycamore because Sycamore is allegedly a debtor of the LLC and there are questions regarding whether Sycamore has received any improper distributions from the LLC.[38] However, the allegations of the Complaint (and the Answer of Defendant Leland Sycamore) do not support these arguments. For example, the LLC has not brought a claim against Sycamore for collection of any debt or enforcement of any promissory notes, nor have the rest of the members of the LLC, all of whom would be interested parties, been joined as part of an effort by the LLC to determine the propriety of any distributions by the LLC.[39]

Based on the foregoing, this court concludes that Leland Sycamore was fraudulently joined to the State Court Action as a resident defendant for purposes of defeating diversity

---

[35] Compl. ¶33, docket no. 2-2; Sycamore Answer ¶33.

[36] *See generally* Sycamore Answer.

[37] *Collin County*, 915 F.2d at 171.

[38] Motion for Remand at 14.

[39] *See generally* Compl., docket no. 2-2.

jurisdiction. Thus, Leland Sycamore and his status as a citizen of Utah must be disregarded for the purpose of determining subject matter jurisdiction based of on diversity of citizenship. The parties do not dispute that the amount in controversy in this matter exceeds $75,000, and that without Sycamore as a defendant there is complete diversity between the remaining parties. Accordingly, jurisdiction over this matter properly resides in this Court pursuant to 28 U.S.C. §1332.

### B. EarthGrains' Petition for Removal Was Not Procedurally Defective for Failure to Obtain Sycamore's Joinder or Consent.

The LLC argues that, because EarthGrains failed to obtain the consent or joinder of Sycamore to its petition for removal from state court, EarthGrains has failed to satisfy the procedural requirements of the removal statute and this action must be remanded back to state court pursuant to 28 U.S.C. § 1447.[40] Here, however, the court has determined that Sycamore was fraudulently joined as a sham defendant. As a result, EarthGrains need not obtain Sycamore's consent or joinder to its petition for removal, and the petition for removal was not procedurally defective.[41] This action was properly removed in accordance with 28 U.S.C. § 1441(a).

### C. Leland Sycamore Is Re-Aligned as Plaintiff

The core of this case is a dispute between the LLC and EarthGrains. There is no real dispute between Sycamore and the LLC, and Sycamore is not adverse to the LLC's interests. The only party disputing the purported relinquishment of Sycamore's interest in the LLC is EarthGrains. Accordingly, EarthGrains is, at present, the only proper defendant in this case. The

---

[40] Motion for Remand at 16-18.

[41] *K.R. Field Servs., L.L.C. v. BAC Field Servs. Corp.*, 2011 U.S. Dist. LEXIS 105445 (D. Colo. 2011) ("[F]raudulently-joined parties need not consent to a removal").

9

LLC argues that Sycamore is a necessary party to its declaratory judgment action, and this may be so.[42] However, Sycamore's actual interests are inconsistent with his present alignment as a defendant in this case. EarthGrains concurs, and indicates that it consents to Sycamore's re-alignment as a plaintiff in this action in accordance with his true interests.[43] Accordingly, Sycamore will be realigned as a co-plaintiff alongside the LLC.

### D. No Award of Attorney's Fees

Because this Court denies the LLC's Motion for Remand for the reasons set forth herein, this court also declines to award the LLC its attorney's fees and costs incurred in bringing its Motion for Remand.

### ORDER

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff Sycamore Family, LLC's Motion for Remand[44] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's request for costs and attorneys' fees is DENIED.

IT IS FURTHER ORDERED that Defendant Leland Sycamore is hereby REALIGNED as PLAINTIFF in the above-captioned action.

Dated October 31, 2013.

BY THE COURT:

David Nuffer
United States District Judge

---

[42] Motion for Remand at 13.
[43] Opp. to Motion for Remand at 10.
[44] Docket no. 12, filed July 31, 2013.