IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SYCAMORE FAMILY LLC AND LELAND SYCAMORE,<br><br>                            Plaintiffs,<br>v.<br><br>EARTHGRAINS BAKING COMPANIES, INC.,<br>                            Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [87] MOTION TO STAY**<br><br>Case No. 2:13-CV-00639-DN<br><br>District Judge David Nuffer |
| EARTHGRAINS BAKING COMPANIES, INC.,<br><br>                            Counterclaimant,<br>v.<br><br>SYCAMORE FAMILY LLC, LELAND SYCAMORE, and JERI SYCAMORE,<br><br>                            Counterclaim Defendants. | |

Defendant EarthGrains Baking Companies, Inc. ("EarthGrains") has filed the present Motion[1] to Stay Pending the Outcome of Related Proceedings and Memorandum in Support ("Motion to Stay"). The related proceeding is *EarthGrains Baking Companies, Inc. v. Sycamore Family Bakery Inc. et al,* case no. 2:09-cv-523 (D. Utah) (the "523 Case"). The 523 Case is before Judge Dale A. Kimball. Leland Sycamore filed his Opposition[2] to EarthGrains' Motion to Stay, which was joined[3] by Jeri Sycamore and Sycamore Family LLC (collectively, the

---

[1] Docket no. 87, filed February 13, 2015.

[2] Docket no. 88, filed February 26, 2015.

[3] Jeri Sycamore and Sycamore Family LLC's Notice of Joinder of Leland Sycamore's Opposition to EarthGrains' Motion to Stay Proceedings, docket no. 90, filed March 2, 2015.

"Counterclaim Defendants' Opposition"). EarthGrains filed a Reply[4] on March 16, 2015 ("EarthGrains's Reply"). For the reasons set for below, after reviewing the parties' memoranda, EarthGrains's Motion to Stay is GRANTED.

## BACKGROUND

EarthGrains moves to stay the present case pending the outcome of its Motion[5] for Contempt Sanctions ("Contempt Motion") in the 523 Case. EarthGrains contends that "a stay to allow for the efficient resolution of the . . . [Contempt Motion] would avoid duplicative proceedings and inconsistent results because EarthGrains would not have to seek leave to amend its claims in this case to attempt to stop the very same unlawful actions at issue in the pending Contempt Motion."[6]

The only remaining claim in this case is EarthGrains's claim for unjust enrichment, its fourth cause of action.[7] All other claims were adjudicated and dismissed in the recent Summary Judgment Order[8] which, among other things, declared that Leland Sycamore's alleged transfer of his membership interest in the LLC to Jeri Sycamore was void ab initio. EarthGrains now contends that other unlawful transfers have occurred, and that it may seek leave to amend its pleadings.

Counterclaim Defendants argue that the Motion to Stay should be denied because EarthGrains is not allowed to amend its claims. Counterclaim Defendants point out that on

---

[4] Defendant's Reply to Response to Motion to Stay, docket no. 91, filed March 16, 2015.

[5] Plaintiff's Motion for Contempt Sanctions and Request for Expedited Discovery in Support Thereof, docket no. 367, filed December 2, 2014, *EarthGrains Baking Companies, Inc. v. Sycamore Family Bakery Inc. et al,* case no. 2:09-cv-523 (D. Utah).

[6] Motion to Stay at 3.

[7] EarthGrains Baking Companies, Inc.'s Second Amended Answer and Counterclaims, docket no. 50, filed February 24, 2014.

[8] Memorandum Decision and order Denying [61] Sycamore Family, LLC's Motion for Partial Summary Judgment, and Granting in Part and Denying in Part [62] EarthGrains Baking Companies, Inc.'s Motion for Partial Summary Judgment, docket no. 82, filed December 18, 2014.

2

December 12, 2014, the parties entered into a Stipulation[9] concerning the continuance of the trial. The Stipulation was entered a month before trial, while summary judgment motions were pending and unresolved. At that time, the parties contemplated that the case would be resolved by an order granting one of the pending motions for summary judgment. The Stipulation was adopted by a Court Order on December 18, 2014.[10] Paragraph four of the Stipulation states that "Counsel for Plaintiffs and Counterclaim Defendants have indicated that they do not oppose the request for continuance so long as the extension is not substantial and the parties further stipulate that no additional dispositive motions, new claims, or new evidence will be introduced to the case."[11] And paragraph five of the Stipulation states that "[b]ecause EarthGrains is requesting a mutually agreeable February or March trial date, the continuance would not significantly extend the proceedings."[12]

Counterclaim Defendants argue that the only reason they "stipulated to strike the trial date is that EarthGrains promised to obtain a new trial date right away and that any delay would be short. EarthGrains is reneging on that promise and, in doing so, is violating the Stipulation and Order entered on December 2014."[13] Counterclaim Defendants further contend that even if EarthGrains has not violated the parties' Stipulation, there is no need for a stay.[14] Instead, EarthGrains should try its remaining claims "in the time it represented to the Court it would."[15]

In Reply, EarthGrains argues three separate points. First, EarthGrains contends that Counterclaim Defendants are taking contradictory positions in this case and the related 523 Case.

---

[9] Joint Motion and Stipulation to Continue Trial Date, docket no. 80, filed December 12, 2014.

[10] Order Granting Joint Motion and Stipulation to Continue Trial Date, docket no. 81, filed December 18, 2014.

[11] Joint Motion and Stipulation to Continue Trial Date at 2.

[12] *Id.*

[13] Counterclaim Defendants' Opposition at 6.

[14] *Id.*

[15] *Id.*

In the 523 Case, Jeri Sycamore and Sycamore Family, LLC "oppose adjudication of EarthGrains' Contempt Motions because they assert that the claims in those motions—although they have not been asserted in this case—should be decided in this case[.]"[16] In this case, "the Sycamores and the LLC contend that this Court should also not be able to consider their wrongful conduct, arguing that there are no live claims in this case and that it should be dismissed without the opportunity for EarthGrains to pursue any relief."[17] EarthGrains concludes that "[i]t is the Sycamores and the LLC—not EarthGrains—that are pursuing a strategy that asks the Courts to spin its wheels and waste resources. It is also a strategy that requests this Court and Judge Kimball to ignore their unlawful behavior and allow it to endure."[18]

EarthGrains next contends that the Stipulation is no longer binding. "Once the Court entered its summary judgment order finding that Leland Sycamore had failed in his attempt to fraudulently transfer his membership interests, this case was completely reset."[19] EarthGrains further states that "[b]ecause the circumstances under which the parties entered into the agreement no longer exist, the agreement is no longer applicable moving forward as it has no basis in the current procedural posture of this litigation."[20] According to EarthGrains, the "stipulation was in no way a waiver . . . of EarthGrains' right to assert any claims against the Sycamores and the LLC that are not related to the allegations that existed prior to the Court's Summary Judgment order."[21]

---

[16] EarthGrains's Reply at 2.

[17] *Id.* at 2–3.

[18] *Id.* at 3.

[19] *Id.* at 4.

[20] *Id.*

[21] *Id.* at 4–5.

EarthGrains's remaining argument in its Reply is that the Counterclaim Defendants' "response to EarthGrains' motion to stay does not—and cannot—identify any prejudice resulting from a stay of this action pending the resolution of the Contempt Motions."[22] EarthGrains argues that if Judge Kimball issues a stay in the 523 Case, and this Court dismisses this action, then "EarthGrains would either be forced to file an entirely new lawsuit or return to Judge Kimball to pursue a resolution on the Contempt Motions."[23] Thus, "[r]ather than causing any prejudice to the Sycamores and the LLC, such a scenario would only result in further delay of EarthGrains' ability to seek redress."[24]

## ANALYSIS

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'"[25] Thus, "[t]he granting of the stay ordinarily lies within the discretion of the district court,"[26] and in exercising its judgment the court "must weigh competing interests and maintain an even balance[.]"[27]

The arguments set forth by EarthGrains in its Reply are adopted. The "circumstances under which the parties entered into the agreement no longer exist[.]"[28] The relief granted by the Court in its Summary Judgment Order was not requested by either party and was an unforeseen outcome. Both motions for summary judgment were denied, and declaratory judgment was

---

[22] *Id.* at 5.

[23] *Id.*

[24] *Id.*

[25] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir.1963) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

[26] *Id.*

[27] *Landis*, 299 U.S. at 254–55.

[28] EarthGrains's Reply at 4.

entered directly opposed to the relief Counterclaim Defendants had sought. The Summary Judgment Order substantially changed this case. Thus, "the [Stipulation] is no longer applicable moving forward as it has no basis in the current procedural posture of this litigation."[29] Similarly, the Court agrees that Counterclaim Defendants have taken contradictory positions in this case and the related 523 Case, thus causing undue delay and affecting the integrity of the judicial process. The summary proceeding pending before Judge Kimball will affect the resolution of the remaining issues in this case. Dismissing this case at this time will simply cause EarthGrains to incur unnecessary expense and delay by filing a new complaint.

A stay is therefore warranted under the present circumstances and given the fact that Counterclaim Defendants will suffer little prejudice by a stay of this case until Judge Kimball has ruled on EarthGrains's Contempt Motion.

## ORDER

IT IS HEREBY ORDERED that EarthGrains's Motion[30] to Stay is GRANTED. On July 1, 2015 and quarterly thereafter the parties shall file a joint statement of the status of the 523 Case, and each party shall file a notice upon resolution of the Contempt proceeding in that case.

Dated April 2, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[29] EarthGrains's Reply at 4.

[30] Docket no. 87.